**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.B. and K.B.**

**No. 22-686** (Wyoming County 21-JA-56 and 21-JA-57)

**MEMORANDUM DECISION**

Petitioner Father J.B.[1] appeals the Circuit Court of Wyoming County's July 31, 2022, order terminating his parental rights to S.B. and K.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the July 31, 2022, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In October of 2021, the DHHR filed an abuse and neglect petition against petitioner and the mother, alleging drug use by both parents. Both petitioner and the mother waived their right to a preliminary hearing, and the court scheduled an adjudication hearing for December 15, 2021. A hearing was held on December 15, 2021, but, initially, no order was entered following the hearing. Over nine months later, on October 20, 2022,[3] the court entered an order referencing the December 15, 2021, hearing. The order, titled, "Order for Pre-adjidocatory [sic] Improvement Period for Respondents, [mother and petitioner]," granted both petitioner and the mother *pre*-adjudicatory improvement periods and scheduled a reviewing hearing to be held on March 10, 2022— approximately eight months prior to the entry of the order. However, between December 21, 2021, and June 6, 2022, there are no entries reflected on the docket sheet for any review hearings.

---

[1]Petitioner appears by counsel Lela Walker. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Timothy P. Lupardus appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Notably, this order granting a pre-adjudicatory improvement period was entered by the court almost three months *after* the court terminated petitioner's parental rights.

1

On June 6, 2022, the circuit court entered an order continuing a hearing scheduled for March 24, 2022. Confusingly, this order referred to a *post*-adjudicatory improvement period, which the court later continued on June 24, 2022. Despite the court's referral to this improvement period being a post-adjudicatory improvement period, the record shows no evidence that the circuit court adjudicated petitioner, and the DHHR concedes on appeal that petitioner was never adjudicated. Yet, the circuit court held a dispositional hearing on July 6, 2022. Petitioner did not appear for the hearing, though he was represented by counsel. After taking testimony, the court terminated petitioner's parental rights by order entered on July 31, 2022.[4] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, this Court has previously held that "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process." Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2011). Upon our review, we find that it is unnecessary to address petitioner's specific assignments of error because it is clear from the record that petitioner was never adjudicated.

We have previously explained that "before a [circuit] court can begin to make any of the dispositional alternatives under W.Va. Code [§ 49-4-604], it must hold a hearing under W.Va. Code [§ 49-4-601], and determine "'whether such child is abused or neglected.' Such a finding is a prerequisite to further continuation of the case." Syl. Pt. 3, in part, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019)(citation omitted). As set forth above, the court did not enter an adjudicatory order, and the record contains no evidence an adjudicatory hearing was ever held. Thus, the circuit court lacked jurisdiction to terminate petitioner's parental rights.

For the foregoing reasons, we vacate the circuit court's July 31, 2022, order terminating petitioner's parental rights and remand to the circuit court for entry of an adjudicatory order with detailed findings of fact and conclusions of law sufficient to support the court's determination regarding adjudication and for further proceedings consistent with the applicable statutes and rules. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]The permanency plan for the children is adoption in their current placement.